

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00105-CV

---

IN RE TAD MAYFIELD

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Relator, Father to J.M., B.M., and M.M., has filed a petition for a writ of mandamus asking this Court to direct the 71st Judicial District Court of Harrison County, Texas, to (1) vacate a temporary order appointing nonparents as joint managing conservators of the children with the right to designate their primary residence, (2) dismiss the nonparents' original petition seeking conservatorship of the children, and (3) return the children to Relator. Because Relator failed to comply with the Texas Rules of Appellate Procedure, we deny the mandamus petition.

Rule 52.7(a)(1) states that a Relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1)(A) states that "[t]he appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, the mandamus record and appendix are not accompanied by affidavit and do not contain a sworn or certified copy of a temporary order that has been reduced to writing in this case.[1] Although the appendix contains certified copies of a final order in a suit affecting the parent-child relationship and order of dismissal entered in other cases, none of the filings in the clerk's record associated with the underlying proceeding have been properly certified. As a result, documents material to Relator's petition for a writ of mandamus are neither certified nor sworn.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the

---

[1] *See In re Hamilton*, No. 01-09-00664-CV, 2009 WL 2343210, at *1 (Tex. App.—Houston [1st Dist.] July 29, 2009, orig. proceeding) (per curiam) (mem. op.).

mandamus record." *In re Landstar Ranger, Inc.*, No. 06-21-00068-CV, 2021 WL 3411534, at *1 (Tex. App.—Texarkana Aug. 4, 2021, orig. proceeding) (mem. op.) (quoting *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *Id.* (quoting *In re Long*, 607 S.W.3d at 446) (citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)). Here, the Relator has failed to provide us with a sufficient record because several of the documents attached to the petition do not comply with Rules 52.3(k)(1)(A) or 52.7(a)(1).

As a result, we deny the petition for a writ of mandamus.


Ralph K. Burgess
Justice

Date Submitted:     November 3, 2021
Date Decided:       November 4, 2021

3